

# Service of Process Transmittal

12/11/2017
CT Log Number 532445952

TO: Tracey Gilliam, Chief Counsel of Litigation
Metropolitan Life Insurance Company
200 Park Avenue
New York, NY 10166

RE: **Process Served in West Virginia**

FOR: Metropolitan Life Insurance Company  (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | TIMOTHY DAVID SMITH, Pltf. vs. Metropolitan Life Insurance Company, etc., Dft. |
| DOCUMENT(S) SERVED: | Letter, Summons, Notice(s), Cover Sheet, COmplaint |
| COURT/AGENCY: | Morgan County Circuit Court, WV<br>Case # CC332017C54 |
| NATURE OF ACTION: | Insurance Litigation |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Charleston, WV |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 12/11/2017 postmarked on 12/07/2017 |
| JURISDICTION SERVED : | West Virginia |
| APPEARANCE OR ANSWER DUE: | Within 30 days |
| ATTORNEY(S) / SENDER(S): | Charles S. Trump IV<br>Trump & Trump, L.C.<br>171 S. Washington Street<br>Berkeley Springs, WV 25411 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 12/12/2017, Expected Purge Date: 12/17/2017<br><br>Image SOP<br><br>Email Notification,  MetLife Litigation Intake  litigationintake@metlife.com |
| SIGNED:<br>ADDRESS:<br><br>TELEPHONE: | C T Corporation System<br>5400 D Big Tyler Road<br>Charleston, WV 25313<br>919-821-7139 |

Page 1 of  1 / AJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Case 3:18-cv-00004-GMC Document 1-1 Filed 01/10/18 Page 2 of 15 PageID #: 6



Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**USPS CERTIFIED MAIL™**



9214 8901 1251 3410 0002 1959 05

METROPOLITAN LIFE INSURANCE COMPANY
C. T. Corporation System
5400 D Big Tyler Road
CHARLESTON, WV 25313

**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
886-767-8683
Visit us online:
www.wvsos.com

| | |
|---|---|
| **Control Number:** 206615 | **Agent:** C. T. Corporation System |
| **Defendant:** METROPOLITAN LIFE INSURANCE COMPANY<br>5400 D Big Tyler Road<br>CHARLESTON, WV 25313 US | **County:** Morgan<br>**Civil Action:** 17-C-54<br>**Certified Number:** 92148901125134100002195905<br>**Service Date:** 12/5/2017 |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your authorized insurance company.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your authorized insurance company as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

CC-33-2017-C-54
Morgan County Circuit Clerk
Melanie Shambaugh

Copy for service on Def.

## IN THE CIRCUIT OF MORGAN WEST VIRGINIA

### Timothy Smith v. Metropolitan Life Insurance Company, d/b/a "MetLife"

**SERVE**

Service Type: Secretary of State - Certified

NOTICE TO: Metropolitan Life Insurance Company, d/b/a "MetLife", c/o CT Corporation System, 5400 D Big Tyler Road, Charleston, WV 25313

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Charles Trump, 171 S Washington St, Berkeley Springs, WV 25411

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**SERVICE:**

11/27/2017 11:52:38 AM
Date

/s/ Melanie Shambaugh
Clerk

Amber Friedrick
Deputy

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ Not Found in Bailiwick

_____        _____
Date                   Server's Signature

SECRETARY OF STATE
STATE OF WEST VIRGINIA
2017 DEC -5 P 4: 12
ACCEPTED FOR SERVICE OF PROCESS



West Virginia E-Filing Notice

CC-33-2017-C-54

Judge: Laura Faircloth

To: Metropolitan Life Insurance Company, d/b/a "MetLife"
c/o CT Corporation System
5400 D Big Tyler Road
Charleston, WV 25313

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MORGAN COUNTY, WEST VIRGINIA

Timothy Smith v. Metropolitan Life Insurance Company, d/b/a "MetLife"
CC-33-2017-C-54

The following complaint was FILED on 11/27/2017 11:52:38 AM

Notice Date:   11/27/2017 11:52:38 AM

Melanie Shambaugh
CLERK OF THE CIRCUIT
Morgan
77 Fairfax Street, Room 302
BERKELEY SPRINGS, WV 25411

(304) 258-8554
melanie.shambaugh@courtswv.gov

**COVER SHEET**

E-FILED | 12/27/2017 9:52 AM
CC-33-2017-C-54
Morgan County Circuit Clerk
Melanie Shambaugh

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF MORGAN COUNTY WEST VIRGINIA
**Timothy Smith v. Metropolitan Life Insurance Company, d/b/a "MetLife"**

| | | | | | |
|---|---|---|---|---|---|
| **First Plaintiff:** | ☐ Business  ☐ Government | ☑ Individual  ☐ Other | **First Defendant:** | ☑ Business  ☐ Government | ☐ Individual  ☐ Other |

**Judge:** Laura Faircloth

## COMPLAINT INFORMATION

**Case Type:** Civil   **Complaint Type:** Contract

**Origin:** ☑ Initial Filing   ☐ Appeal from Municipal Court   ☐ Appeal from Magistrate Court

**Jury Trial Requested:** ☑ Yes ☐ No   **Case will be ready for trial by:** 12/1/2018
**Mediation Requested:** ☐ Yes ☑ No
**Substantial Hardship Requested:** ☐ Yes ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?
- ☐ Wheelchair accessible hearing room and other facilities
- ☐ Interpreter or other auxiliary aid for the hearing impaired
- ☐ Reader or other auxiliary aid for the visually impaired
- ☐ Spokesperson or other auxiliary aid for the speech impaired
- ☐ Other:

☐ I am proceeding without an attorney
☑ I have an attorney: Charles Trump, 171 S Washington St, Berkeley Springs, WV 25411

# SERVED PARTIES

**Name:** Metropolitan Life Insurance Company, d/b/a "MetLife"

**Address:** c/o CT Corporation System 5400 D Big Tyler Road, Charleston WV 25313

**Days to Answer:** 30     **Type of Service:** Secretary of State - Certified

E-FILED | 11/27/2017 11:52 AM
CC-33-2017-C-54
Morgan County Circuit Clerk
Melanie Shambaugh

IN THE CIRCUIT COURT OF MORGAN COUNTY, WEST VIRGINIA

TIMOTHY DAVID SMITH,

    Plaintiff,

vs.                                             Civil Action No. 17-C-____

METROPOLITAN LIFE INSURANCE COMPANY,
       d/b/a "MetLife,"

    Defendant.

## COMPLAINT

Comes now the Plaintiff, Timothy David Smith, by his undersigned counsel, before this Honorable Court, respectfully complaining to the Court as follows:

**Part I. Parties**

1. The Plaintiff Timothy David Smith ("Plaintiff Smith") is a natural person, residing at 158 Shady Tree Lane, Hedgesville, Morgan County, West Virginia 25427.

2. The Defendant Metropolitan Life Insurance Company ("Defendant MetLife") is an insurance company doing business in the State of West Virginia.

3. MetLife's principal business address is 200 Park Avenue, New York, NY 10166, with a mailing address listed with the WV Secretary of State of 13045 Tesson Ferry Road, Tax Dept. B1-06, St. Louis, MO 63128.

4.     MetLife's correspondence in this case shows a return address for its Group Life Claims Operations of P.O. Box 6100, Scranton, PA 18505.

**Part II.     Jurisdiction and Venue**

5.     The Plaintiff here re-asserts, re-alleges, and re-avers, all of the facts, allegations, and averments set forth in the foregoing numbered paragraphs of this Complaint, including paragraphs numbered 1 through 4 above, inclusive, just as if the same were fully set forth here *verbatim*.

6.     The Circuit Court of Morgan County has jurisdiction over the subject matter of this action because it involves the payment of death benefits under a group life insurance policy upon the life of Jennifer Smith, the deceased wife of the Plaintiff, who died a resident of Morgan County, West Virginia.

7.     The Circuit Court of Morgan County has jurisdiction over the persons who are the parties to this action for the reason that the Plaintiff is a resident of Morgan County, West Virginia, and the Defendant does business in Morgan County, West Virginia.

8.     The Circuit Court of Morgan County is the proper venue for this action for the reasons that: (1) the Plaintiff, who is the designated beneficiary of the group life insurance plan which covered Jennifer Smith, is a resident of Morgan County, West Virginia; (2) the Defendant MetLife does business in Morgan County, West Virginia; (3) Jennifer Smith, whose death has triggered the Defendant MetLife's obligation to pay benefits, was a resident of Morgan County, West Virginia; and (4) no other venue is more convenient for the parties hereto.

Part III.     **Basic facts giving rise to Complaint**

9. The Plaintiff here re-asserts, re-alleges, and re-avers, all of the facts, allegations, and averments set forth in the foregoing numbered paragraphs of this Complaint, including paragraphs numbered 1 through 8 above, inclusive, just as if the same were fully set forth here *verbatim*.

10. The Plaintiff was married to Jennifer Lynn Smith.

11. Jennifer Lynn Smith had worked for Schonstedt Instrument Company.

12. Through her work for Schonstedt Instrument Company, Jennifer had employee group health insurance under a plan issued by the Defendant MetLife.

13. The policy name and policy number of the group life plan was "Schonstedt Instrument Company 5050094 Basic Life." (the "Group Life Plan").

14. Under the Group Life Plan, Jennifer Lynn Smith had life insurance with a death benefit of $146,000.00.

15. Under the Group Life Plan, Jennifer Lynn Smith could, and did, designate a beneficiary to receive the death benefits payable under the Group Life Plan upon her death.

16. Jennifer Lynn Smith designated the Plaintiff Timothy David Smith as the beneficiary of her death benefits under the Group Life Plan.

17. Jennifer Lynn Smith died on the 7th day of July, 2017.

18. After the death of his wife, Jennifer Lynn Smith, the Plaintiff Timothy David Smith filed a claim with the Defendant MetLife for payment of the death benefits payable to him as her designated beneficiary under the Group Life Plan.

19. The Plaintiff Timothy Smith's claim number with the Defendant MetLife is Claim No. 21707006043.

20. The Defendant MetLife has paid to the Plaintiff the sum of $43,800, representing 30% of the death benefits due under the Group Life Plan, but MetLife has refused to pay the Plaintiff the balance of the Group Life Plan's death benefits.

21. The balance of the Group Life Plan's death benefits due and owing upon the death of Jennifer Lynn Smith are due to the Plaintiff.

### Part IV. Causes of Action

#### a. Breach of Contract

22. The Plaintiff here re-asserts, re-alleges, and re-avers, all of the facts, allegations, and averments set forth in the foregoing numbered paragraphs of this Complaint, including paragraphs numbered 1 through 21 above, inclusive, just as if the same were fully set forth here *verbatim*.

23. The refusal and failure of the Defendant MetLife to pay to the Plaintiff the balance of the Group Life Plan's death benefits that are due and owing upon the death of Jennifer Lynn Smith is a breach by the Defendant of its contract of insurance.

24. The Plaintiff is a direct and intended beneficiary of the contract of insurance, designated by the insured Jennifer Lynn Smith in writing, and accordingly, has the right and full standing to bring this civil action.

#### b. Bad Faith

25. The Plaintiff here re-asserts, re-alleges, and re-avers, all of the facts, allegations, and averments set forth in the foregoing numbered paragraphs of this Complaint, including

paragraphs numbered 1 through 24 above, inclusive, just as if the same were fully set forth here *verbatim*.

26. The Defendant MetLife has acted in bad faith toward the Plaintiff in one or more of the following ways:

   a. by refusing the pay to the Plaintiff the balance of the Group Life Plan's death benefits that are due and owing upon the death of Jennifer Lynn Smith;

   b. by threatening the Plaintiff with the filing of an interpleader action that MetLife said it would commence interpleading the Plaintiff with other persons, persons who are not the beneficiaries that Jennifer Lynn Smith designated under the operative beneficiary designation at the time of her death;

   c. by forcing the Plaintiff to engage counsel to collect the benefits to which he is entitled under the written beneficiary designation of Jennifer Lynn Smith;

   d. by forcing the Plaintiff to commence this litigation to collect the benefits to which he is entitled under the written beneficiary designation of Jennifer Lynn Smith;

   e. by not communicating with the Plaintiff in a proper or timely manner;

   f. by not performing a reasonable investigation of the facts and circumstances surrounding the written beneficiary designation of the decedent Jennifer Lynn Smith; and,

  g.  by other ways and means not yet known to the Plaintiff, but which will be determined through discovery under the Rules of Civil Procedure in the course of the adjudication of this case.

27. The Defendant MetLife's actions in bad faith toward the Plaintiff evince a malicious intent and an intent to injure the Plaintiff and to cause him loss, expense, annoyance, aggravation, mental anguish and emotional distress, with the purpose of the Defendant being to cause the Plaintiff to accept losses and pay expenses so that the Defendant could avoid the same or risk of the same.

### Part V. Plaintiff's Losses, Injuries and Damages

28. The Plaintiff here re-asserts, re-alleges, and re-avers, all of the facts, allegations, and averments set forth in the foregoing numbered paragraphs of this Complaint, including paragraphs numbered 1 through 27 above, inclusive, just as if the same were fully set forth here *verbatim*.

29. As a result of the conduct of the Defendant MetLife described above, the Plaintiff has suffered injuries and damages, including, but not limited to, the following:

  a.  the loss of the balance of the Group Life Plan's death benefits ($102,200) that are due and owing to the Plaintiff under the Group Life Plan as a result of the death of Jennifer Lynn Smith;

  b.  interest and earning opportunity on the money ($102,200) that should have been paid to the Plaintiff by the Defendant;

  c.  annoyance and aggravation;

  d.  emotional distress and mental anguish; and,

   e.  attorney's fees and costs in the prosecution of this civil action.

## Part VI.   **Prayer for Relief**

30. The Plaintiff here re-asserts, re-alleges, and re-avers, all of the facts, allegations, and averments set forth in the foregoing numbered paragraphs of this Complaint, including paragraphs numbered 1 through 29 above, inclusive, just as if the same were fully set forth here *verbatim*.

WHEREFORE, upon all of the foregoing, the Plaintiff prays for the following relief:

  a. that proper process will issue upon this Complaint;

  b. that this Court will render and enter judgment for the Plaintiff and against the Defendant for the balance of the Group Life Plan's death benefits ($102,200) that are due and owing to the Plaintiff under the Group Life Plan as a result of the death of Jennifer Lynn Smith;

  c. that this Court will render and enter judgment for the Plaintiff and against the Defendant for such sum of money as will fairly compensate the Plaintiff for his annoyance and aggravation as a result of the conduct of the Defendant;

  d. that this Court will render and enter judgment for the Plaintiff and against the Defendant for such sum of money as will fairly compensate the Plaintiff for his emotional distress and mental anguish as a result of the conduct of the Defendant;

  e. that this Court will render and enter judgment for the Plaintiff and against the Defendant for such sum of money as punitive damages will fairly

punish the Defendant for its conduct, and as will deter the Defendant and others from such conduct in the future;

f. that this Court will render and enter judgment for the Plaintiff and against the Defendant for all of the Plaintiff's costs and expenses in the prosecution of this case, including all of the Plaintiff's reasonable attorney's fees incurred herein;

g. that this Court will award to the Plaintiff pre-judgment and post-judgment interest on all of the foregoing elements of damages; and,

h. that this Court will grant unto the Plaintiff such other relief and damages, legal and equitable, as may be meet and just under the circumstances of this case.

The Plaintiff demands a trial by jury.

Timothy David Smith,
Plaintiff,
by his counsel,

Charles S. Trump IV
WV Bar ID #3806
Trump & Trump, L.C.
171 S. Washington Street
Berkeley Springs, WV 25411